United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Produce Pay, Inc., Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-22585-Civ-Scola |
| Agrosale, Inc. and others, | ) |
| Defendants. | ) |

**Order Granting Motion to Dismiss and**
**Granting in Part and Denying in Part Motion for Leave to Amend**

Plaintiff Produce Pay, Inc., commenced the main litigation in this case to recover amounts it claims it is owed by Defendant Agrosale, Inc., and various Agrosale principals (collectively the "Agrosale Parties"), for shipments of malanga, a Caribbean root vegetable that Produce Pay says Agrosale failed to pay for. (Compl., ECF No. 1.) Produce Pay did not itself sell the malanga to Agrosale but, instead, bought the account receivables from another company, Comercializadora Agropecuaria del Tropico, S.A. de C.V. ("Tropico"), which had previously contracted with Agrosale for the delivery and sale of the malanga. (*Id.* at ¶¶ 14–16.) Agrosale, in responding to the complaint, has also lodged a counterclaim and third-party complaint against Produce Pay and other parties, including Caribbean Produce Exchange, LLC, and its alleged principals, Gualberto Rodriguez Rodriguez and Gualberto Rodriguez Feliciano III (collectively, the "Caribbean Produce Parties"). (Agrosale's Compl., ECF No. 23, 12–25.) Agrosale says it sold the malanga it ordered from Tropico to Caribbean Produce but that Caribbean Produce still owes Agrosale $141,233.61. (Agrosale Compl. ¶¶ 25–26.) The Caribbean Produce Parties now ask the Court to dismiss Agrosale's claims against them because, among other reasons, they are not proper third-party defendants in this case. (Carib. Prod. Parties' Mot. to Dismiss, ECF No. 42.) Agrosale opposes the Caribbean Produce Parties' motion, insisting it has properly asserted a third-party claim because its claims against the Caribbean Produce Parties are "related to and dependent on the claims asserted in the main action." (Agrosale's Resp., ECF No. 47, 2.) The Caribbean Produce Parties have timely replied. (Carib. Prod. Parties' Reply, ECF No. 52.) At the same time, Agrosale seeks leave to amend its counterclaim and third-party complaint. (Agrosale's Mot. to Am., ECF No. 58.) Produce Pay, as counterdefendant, and third-party defendant Drip Capital Inc., the only parties who have answered Agrosale's claims, do not oppose the amended pleading. (Agrosale's Mot. at 5.) The Caribbean Produce Parties, on the other hand, object to any amendment, as

to Agrosale's claims against them, arguing futility. (Carib. Prod. Parties' Resp., ECF No. 61, 3.) Agrosale has timely replied. (Agrosale's Reply, ECF No. 63.) The Court has carefully considered the briefing and the record in this case and agrees Agrosale's claims against the Caribbean Produce Parties should be dismissed and that Agrosale's proposed amendment, with respect to the Caribbean Produce Parties is futile. Accordingly, the Court **grants** the Caribbean Produce Parties' motion to dismiss (**ECF No. 42**) and **denies** Agrosale's motion for leave to amend, **in part**, with respect to the claims against the Caribbean Produce Parties, but **grants** it, **in part**, as to the other changes (**ECF No. 58**).

### 1. Background

In its complaint, Produce Pay alleges Agrosale failed to pay at least $67,848.86 for malanga Tropico sold to Agrosale in early 2020. (Compl. ¶¶ 13, 32.) Attached to Produce Pay's complaint are four invoices, memorializing the parties' transactions. (Ex. C., ECF No. 1-5.) In each invoice, Agrosale is identified as the buyer and Tropico as the seller (with payment due to Produce Pay). (*Id.*) None of these invoices mentions Caribbean Produce. (*Id.*) Produce Pay says Tropico delivered all the malanga Agrosale ordered but that Agrosale failed to pay various amounts there were invoiced. (*Id.* ¶¶ 88, 90.)

In its third-party complaint, Agrosale acknowledges it agreed to purchase malanga from Tropico. (Agrosale's Compl. ¶ 18.) Agrosale also alleges that Caribbean Produce, in turn, agreed to then buy that same malanga from Agrosale. (*Id.* ¶ 20.) The malanga was ultimately shipped directly from Tropico, in Mexico, to Caribbean Produce, in Puerto Rico. (*Id.* ¶ 21.) Agrosale maintains that, to date, Caribbean Produce paid Agrosale only $5,528.39 and still owes $141,233.61 for the malanga it purchased. (*Id.* ¶ 26.)

### 2. Legal Standards
### A. Motion to Dismiss for Failure to State a Claim

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if it fails to nudge its "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### B. Motion for Leave to Amend

In accordance with Federal Rule of Civil Procedure 15(a)(2), a party seeking to amend its complaint may do so only with the opposing party's written consent or the court's leave. According to the rule, leave should be freely given when justice so requires. Rule 15(a) reflects a policy of "liberally permitting amendments" and absent a "substantial reason to deny leave to amend" a plaintiff's request should be granted. *Espey v. Wainwright,* 734 F.2d 748, 750 (11th Cir. 1984). "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Div. of Universities of Florida Dep't of Educ. ex rel. Univ. of S. Florida*, 342 F.3d 1281, 1287 (11th Cir. 2003) (quotations omitted). "[L]eave to amend should not be denied on the ground of futility unless the proposed amendment is clearly insufficient or frivolous on its face." *Montes v. M & M Mgmt. Co.*, No. 15-80142-CIV, 2015 WL 11254703, at *1 (S.D. Fla. May 12, 2015) (Marra, J.) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980)). In order to deny leave to amend, the Court must identify a "justifying reason." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### 3. Discussion

### A. Agrosale has not stated a third-party claim against the Caribbean Produce Parties in its initial pleading.

Agrosale maintains its third-party claims against the Caribbean Produce Parties are sufficiently interrelated with Produce Pay's claims against Agrosale "that requiring a separate lawsuit would be unnecessarily duplicative and a waste of judicial resources." (Agrosale's Resp. at 7.) The Caribbean Produce Parties, on the other hand, argue Agrosale's claims against them must be dismissed because they do not comply with Federal Rule of Civil Procedure 14's requirement that a third-party plaintiff must allege that a third-party defendant is in some way responsible for the liability of the third-party plaintiff, as defendant in the main action. (Carib. Prod. Parties' Mot. at 6; Carib. Prod. Parties' Reply at 3.) After careful review, the Court agrees with the Caribbean Produce Parties: Agrosale has failed to state a claim against the Caribbean Produce Parties as third-party defendants.

Rule 14 authorizes only a narrow category of claims and parties that may be impleaded: the nonparty must be either liable or potentially liable for all or part of the claim against the defendant. Fed. R. Civ. P. 14(a)(1). In other words, the "claim against the third-party defendant must be based upon plaintiff's claim against defendant" in the main action." 6 Fed. Prac. & Proc. Civ. § 1446, *When a Third-Party Action Is Proper* (3d ed.). It is not enough that the alleged third-party claim simply "arises from the same transaction or set of facts as the original claim." *Id.*; *U.S. v. Olavarrieta,* 812 F.2d 640, 643 (11th Cir. 1987). That is, the nonparty's liability on the third-party plaintiff's claim must be "in some way dependent upon the outcome of the main claim." *Olavarrieta,* 812 F.2d at 643.

Fatal to its impleader attempts here, Agrosale has failed to allege facts showing that its claims against the Caribbean Produce Parties are dependent upon the outcome of the main claim. As Agrosale acknowledges, the main claim against it is premised on Agrosale's failure to pay for the malanga *Agrosale* ordered from Tropico. (Agrosale's Resp. at 7.) Agrosale further recognizes, in turn, that its third-party claim seeks to recover for the same malanga Agrosale then sold to the Caribbean Produce Parties, but as part of a separate agreement. (*Id.* at 4.) Thus, even though the very same shipments of produce appear to be involved in both branches of this litigation, the allegations show that the relationship between the parties to the main action is governed by the terms of one contract while the relationship between Agrosale and Caribbean Produce, conversely, is governed by an entirely independent contract. Simply put, a claim against a nonparty is not permissible as a third-party claim just because it arises out of the same general set of facts as the main claim. *Olavarrieta*, 812 F.2d at 643 ("Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim."). Instead, a putative third-party plaintiff must show something more: that the putative third-party defendant is in some way actually responsible for the third-party plaintiff's liability in the main action. And Agrosale simply has not made that showing here. In other words, Agrosale has failed to set forth facts that would establish how its liability, or lack thereof, to Produce Pay will, in turn, dictate whether Agrosale is entitled to any relief from the Caribbean Produce Parties. *See United States v. $343,726.60 in U.S. Currency,* 05-20513-CIV, 2005 WL 8165387, at *1 (S.D. Fla. Oct. 11, 2005) (Jordan, J.) (dismissing a third-party claim where "[w]hether [the defendant] is entitled to any relief on [his third-party] claim is wholly independent of his liability to the [the plaintiff] for defaulting").

Agrosale, in support of impleader, argues that, if the Caribbean Produce Parties' "assertion of defective quality [is] meritorious, that in turn will raise defenses for Agrosale as to the claims asserted" against it in the main action.

(Agrosale's Resp. at 7.) But Agrosale's point misses the mark: nothing in this hypothetical scenario would lead to the Caribbean Produce Parties' being liable themselves for any portion of Produce Pay's claim against Agrosale. To the extent Caribbean Produce maintains it did not pay Agrosale because the malanga was damaged, spoiled, or failed to arrive, that alone does not transform the Caribbean Produce Parties into indemnitors, subrogors, or joint tortfeasors of some kind, who would be required to reimburse Agrosale for any damages it is found liable for though Produce Pay's main action. *See iBasis Glob., Inc. v. Diamond Phone Card, Inc.*, 278 F.R.D. 70, 77 (E.D.N.Y. 2011) (denying impleader under Rule 14(a)(1) where the defendant in the main action did not allege that the putative third-party defendant "would be liable to satisfy any portion of the judgment in favor of the [p]laintiff if successful.") The same is true of Agrosale's allegation that it was acting as an intermediary between Tropico and Caribbean Produce: there are no allegations that either contract at issue was actually dependent on the performance of the other—regardless of whether Agrosale purchased the malanga as an intermediary, at Caribbean Produce's direction, or not. In sum, while certain findings in the main action may ultimately impact or touch on the putative third-party claims, Agrosale has failed to allege facts showing that its recovery from the Caribbean Produce Parties is "in some way" actually "dependent upon the outcome of the main action." *Olavarrieta,* 812 F.2d at 643. Without any facts to support its conclusory claim that the putative third-party claims are "dependent on the claims asserted in the main action" (Agrosale's Resp. at 2), the Court finds Agrosale's third-party claims against the Caribbean Produce Parties claims subject to dismissal.[1]

### B. Agrosale's proposed amendment to its third-party claims is futile as to the Caribbean Produce Parties.

Agrosale seeks to file an amended counterclaim and third-party complaint. As Agrosale explains it, its new pleading "eliminates Third-Party Defendant Gualberto Rodriguez Rodriguez from the suit, adds additional factual allegations, and adds additional counts against Third-Party Defendants Plus 58 Investment, LLC, [Tropico], and Caribbean Produce." (Agrosale's Mot. at 2.) Continuing, Agrosale says the changes "reflect additional information that has been discovered since the original pleading was filed, as well as correct several scrivener's errors." (*Id.*) Among the parties who have been served, only the Caribbean Produce Parties object to the amendment. They contend that the amendment Agrosale proposes, with respect to the third-party claims against

---

[1] Because the Court finds Agrosale's third-party claims against the Caribbean Produce Parties subject to dismissal for this reason, it declines to address the other arguments raised in the Caribbean Produce Parties' motion to dismiss.

them, would be futile. (Carib. Prod.'s Resp. at 3.) In support, they point to the same objections they raise in their motion to dismiss, arguing that the new pleading "cures none of the fatal defects in its original [claims] against the Caribbean [Produce] Parties." (*Id.*) The Court agrees with the Caribbean Produce Parties.

Among the changes to Agrosale's pleading is the added allegation that Agrosale was specifically acting "as an intermediary *broker* for Caribbean Produce to purchase malanga from Tropico." (Agrosale's Prop. Am. Compl. ¶ 19, ECF No. 58-1, 18 (emphasis added).) Apart from this conclusory allegation, however, Agrosale has not alleged any actual facts that would support a finding that Agrosale's role in the malanga transactions was as a broker. Instead, all the facts Agrosale alleges in its proposed amended pleading show that Agrosale (1) purchased malanga from Tropico and, then, (2) resold that same malanga to Caribbean Produce. Agrosale proffers no facts showing there was any kind of a broker relationship between any of the parties. And, ultimately, even Agrosale itself acknowledges, in its reply, that "**Agrosale does not allege or claim that it had a commission brokerage agreement with Caribbean and Tropico** for the sale of the malanga that is at issue in this suit." (Agrosale's Reply at 3 (emphasis in original).) By way of explanation Agrosale says, rather, it simply used the term "intermediary broker" "to illustrate that transactions with Tropico and Caribbean Produce were not wholly divorced from each other." (*Id.*) Continuing, Agrosale clarifies that "the two sales transactions were fixed price sales and not consignments or a commission brokerage as that transaction is commonly understood under [the Perishable Agricultural Commodities Act]." (*Id.* at 3–4.)

Aside from the brokerage issue, Agrosale also acknowledges its amended pleading, as to the Caribbean Produce Parties, "does not change the core claims and factual allegations asserted in the third-party complaint." (*Id.* at 4.) Since the Court has already found these claims subject to dismissal, for the reasons set forth in the preceding section, it agrees with the Caribbean Produce Parties that Agrosale's amended pleading, as to the claims against them, is futile: the proposed amendment is insufficient on its face. Agrosale's argument that its claims against the Caribbean Produce Parties "are sufficiently interrelated with Produce Pay's claims that requiring a separate lawsuit would be unnecessarily duplicative and a waste of judicial resources" (*id.* at 5) is unavailing. That is, whether the Court should exercise its discretion to allow a third-party to proceed with the main action comes into play only if the claims are actually within the scope of impleader established by Rule 14(a) to begin with. *See* 6 Fed. Prac. & Proc. Civ. § 1443, *Discretion of the Court* (3d ed.) ("[T]he court's discretion may be exercised only when the claim is within the scope of impleader established by Rule 14(a).")

### 4. Conclusion

As set forth above, the Court **grants** the Caribbean Produce Parties' motion to dismiss Agrosale's third-party claims against them. (**ECF No. 42**.) The dismissal is **without prejudice** as to Agrosale's refiling its claims against the Caribbean Produce Parties in a separate action and in the appropriate forum. On the other hand, the Court **denies** Agrosale's renewed motion for leave to amend, **in part**, as to the Caribbean Produce Parties, but **grants** it, **in part**, in all other respects. (**ECF No. 58**.) The Court directs Agrosale to amend its proposed amended pleading to eliminate the claims, set forth in counts one through five, against any of the Caribbean Produce Parties. This amended pleading must then be refiled as a separate docket entry, on or before **April 14, 2021**.

**Done and ordered**, in Miami, Florida, on April 8, 2021.

_____
Robert N. Scola, Jr.
United States District Judge