United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Produce Pay, Inc., Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-22585-Civ-Scola |
| Agrosale, Inc. and others, | ) |
| Defendants. | ) |

## Order Denying Motion for Reconsideration

Plaintiff Produce Pay, Inc., commenced the main litigation in this case to recover amounts it claims it is owed by Defendant Agrosale, Inc., and various Agrosale principals (collectively, "Agrosale"), for shipments of malanga, a Caribbean root vegetable that Produce Pay says Agrosale failed to pay for. (Compl., ECF No. 1.) Produce Pay did not itself sell the malanga to Agrosale but, instead, says it bought the account receivables from another company, Comercializadora Agropecuaria del Tropico, S.A. de C.V. ("Tropico"), which had previously contracted with Agrosale for the delivery and sale of the malanga. (*Id.* at ¶¶ 14–16.) Agrosale, in responding to the complaint, at the same time lodged, among other things, a purported third-party complaint against Caribbean Produce Exchange, LLC, and its alleged principals, Gualberto Rodriguez Rodriguez and Gualberto Rodriguez Feliciano III (collectively, "Caribbean Produce"). (Agrosale's Compl., ECF No. 23, 12–25.) Agrosale said it sold the malanga it ordered from Tropico to Caribbean Produce but that Caribbean Produce still owes Agrosale $141,233.61. (*Id.* ¶¶ 25–26.) Caribbean Produce, arguing that it is not a proper third-party defendant in this case, moved for dismissal of Agrosale's complaint against it. (Carib. Prod.'s Mot. to Dismiss, ECF No. 42.) After careful review of the parties' briefing and the relevant legal authorities, the Court granted the motion, dismissing the third-party complaint. (Order, ECF No. 73.) At the same time, Agrosale also sought leave to amend both its counterclaim and the third-party complaint. (Agrosale's Mot. to Am., ECF No. 58.) The Court denied that motion, in part, as to the third-party complaint, finding the amendment futile. (Order at 5–6.) Agrosale now asks the Court to reconsider the dismissal as well as the Court's denial of Agrosale's motion for leave to amend. (Agrosale's Mot., ECF No. 75.) The motion has been fully briefed. (Carib. Prod.'s Resp., ECF No. 76; Agrosale's Reply, ECF No. 77.) After review, the Court **denies** the motion (**ECF No. 75**).

"[I]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation omitted). Certainly, if any of these situations arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions, however, a motion to reconsider is not ordinarily warranted.

Here, Agrosale relies on the clear-error and manifest-injustice prongs of the reconsideration analysis. Agrosale's argument centers on its concern that "the Court misunderstood the interrelation between the claims in this suit." (Agrosale's Mot. at 5.) As Agrosale explains it, "Agrosale's defense against the Factoring Companies, Agrosale's claims against Caribbean Produce, and Caribbean Produce's defense against Agrosale all depend largely on whether the malanga delivered was of proper quality."[1] (*Id.*) Agrosale continues, emphasizing that "Agrosale's liability to the Factoring Companies is intertwined and dependent on Caribbean Produce's liability to it." (*Id.*) For the most part, the Court does not disagree with Agrosale's depiction of the interrelatedness of the parties' claims and issues in this case. Where the Court's assessment diverges from Agrosale's, however, is whether this interrelatedness satisfies the requirements of Rule 14(a)(1). The Court's view remains that it does not.

By its plain terms, Rule 14 requires a third-party defendant to be either liable or potentially liable to the defendant in the main action "for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). In its motion for reconsideration, Agrosale maintains that its third-party claim against Caribbean Produce "rests on breach of contract." (Agrosale's Mot. at 6.) The hurdle Agrosale fails to clear, however, is showing sufficient interrelatedness between the two contracts at

---

[1] The "Factoring Companies" refers to Produce Pay and other companies that may have purchased account receivables, related to Agrosale's malanga purchase, from Tropico.

issue in this case. Agrosale has not alleged, either in its initial thirty-party complaint or in its proposed amended complaint, any "allegations that either contract at issue was actually dependent on the performance of the other." (Order at 5.) That is, Agrosale does not allege, in any of the versions of its complaint against Caribbean Produce, any facts showing that its breach of its contract with Tropico, or Produce Pay, was caused by or the result of Caribbean Produce's actions or breach of its agreement with or duties to Agrosale. Because of this deficiency, the Court finds Agrosale has failed to state a proper third-party claim. *Cf. Campen v. Greenamyer*, 940 F.2d 1533 (9th Cir. 1991) (finding jurisdiction over third-party claims where the defendant alleged facts establishing the plaintiffs' harm resulted not from the defendant's actions, but rather from the third-party's breach of a subcontract with the main defendant); *Am. Fid. & Cas. Co. v. Greyhound Corp.*, 232 F.2d 89, 92 (5th Cir. 1956) (finding a third-party claim proper where the defendant's Rule 14 claim rested on allegations that the third-party defendant failed, either negligently or in bad faith, to provide the defendant in the main action with the information it needed to comply with its contract with the main plaintiff); *Int'l Paving Sys., Inc. v. Van-Tulco, Inc.*, 866 F. Supp. 682, 686 (E.D.N.Y. 1994) (finding impleader proper where the third-party complaint alleged that the main-defendant general contractor's performance of its subcontract with the main-plaintiff subcontractor was dependent on the third-party defendant city's paying the general contractor for the subcontractor's work).

  Agrosale insists both Produce Pay's claims against it and Agrosale's claims against Caribbean Produce "both rest upon the exact same set of necessary factual determinations." (Agrosale's Mot. at 9.) These determinations, as Agrosale frames it in its motion are: "what was the quality of the malanga delivered to Caribbean Produce and did Caribbean Produce properly assert[] its objections as to the malanga's quality so as to relieve it from being liable to Agrosale for the full sum of the sale." (*Id.*) The closest Agrosale comes to actually alleging facts establishing this dependency, however, is where it explains, in its proposed amended complaint, that "when malanga arrived in bad condition or of poor quality, Tropico would replace the quantity of defective malanga in a future shipment" and that "in order to effectuate the replacement credit, both Agrosale and Tropico had to receive timely and adequate notice of an issue with the shipment in order to address the issue." (Prop. Am. Compl. ¶ 24, ECF No. 58-1, 18.) But that is not enough. Absent from Agrosale's complaint are any specific, factual allegations that, contractually or otherwise, Caribbean Produce was required to provide notice to Agrosale before Agrosale's obligations to Produce Pay would be triggered. In other words, Agrosale never alleges that Caribbean Produce's failures actually prevented or relieved Agrosale from complying with its

own obligations to Produce Pay. Indeed, among the five counts Agrosale alleges against Caribbean Produce, not one asserts that Caribbean Produce's alleged unlawful activity in any way interfered with Agrosale's obligations to Produce Pay. (*E.g.*, Prop. Am. Compl. ¶¶ 108 ("The failure of Caribbean Produce to make prompt payment in full for the Product it purchased caused Agrosale to incur compensatory damages plus prejudgment interest on late partial payments."); 113 ("Agrosale has incurred compensatory damages as a direct and natural result of the Caribbean Produce Defendants' failure to preserve and to dissipate the PACA Trust assets of Caribbean Produce."); 121 ("As a direct and proximate result of Caribbean Produce's unfair and unlawful activity, Agrosale has been damaged."); 136 ("Agrosale has incurred compensatory damages of $177,583.11 as a direct and natural cause and result of Caribbean Produce's failure to timely pay for its purchases of the Product."); 143 ("[I]t would be inequitable for Caribbean Produce to retain the benefit of the Product without paying the value of such produce.") As such, Agrosale has failed meet Rule 14's "clear" requirement, in either its initial complaint or its proposed amended complaint, "that the liability of the third party be dependent upon the outcome of the main claim." *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 752 (5th Cir. 1967).

Accordingly, the Court **denies** Agrosale's motion for reconsideration of the Court's order dismissing Agrosale's complaint and denying its motion for leave to amend its third-party complaint (**ECF No. 75**): Agrosale has failed to persuade that a clear error has been made or that manifest injustice will result from the Court's decision. To the extent Agrosale has filed what it considers a renewed motion for leave to amend, that too is denied (*id.* at 12). The request is both procedurally and substantively defective. Lastly, the Court also denies, without prejudice, Agrosale's further request for an extension of time to file its amended pleading: Agrosale's Local Rule 7.1(a)(3) certificate of conferral fails to indicate the position of any of the other parties to this litigation.

**Done and ordered**, in Miami, Florida, on June 10, 2021.

Robert N. Scola, Jr.
United States District Judge