## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 20-22585-Civ-SCOLA/TORRES

PRODUCE PAY INC,

     Plaintiff,

v.

AGROSALE, INC., *et al.*,

     Defendants/Counter-Plaintiff,


CARIBBEAN PRODUCE EXCHANGE, LLC, *et al.*,

     Counter-Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTION FOR FEES AND COSTS

This matter is before the Court on Caribbean Produce Exchange, LLC's ("Caribbean Produce"), Gualberto Rodriguez's ("Mr. Rodriguez") and Gualberto Rodriguez's Feliciano's ("Mr. Feliciano") (collectively, the "Caribbean Produce Defendants") motion for fees and costs against Agrosale, Inc. ("Agrosale"). [D.E. 80]. Agrosale responded to the motion on June 21, 2021 [D.E. 88] to which the Caribbean Produce Defendants replied on June 28, 2021. [D.E. 95]. Therefore, the motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authorities, and for the reasons discussed below, the motion for fees and costs should be **DENIED**.[1]

---

[1]    On June 10, 2021, the Honorable Robert N. Scola referred the motion for fees and costs to the undersigned Magistrate Judge for disposition. [D.E. 84].

### *I.     ANALYSIS*

On April 8, 2021, the Court granted the Caribbean Produce Defendants'
motion to dismiss Agrosale's third-party complaint and denied Agrosale's motion
seeking leave to amend.  [D.E. 73].  However, the Court only dismissed Agrosale's
pleading without prejudice so that Agrosale could refile its claims in a separate
action and an appropriate forum.  Because of the dismissal without prejudice, the
Caribbean Defendants now seek $93,038.95 in fees and costs as the prevailing party
pursuant to a contractual agreement and Fla. Stat. § 57.105.[2]

The Caribbean Produce Defendants say that fees are appropriate because of a
contractual agreement signed between the parties:

> In the event court action is necessary to enforce collection of any
> amount due hereunder, the Buyer agrees to pay all collection costs
> including reasonable attorney's fees and that Dade County, Florida
> shall be the venue for all such actions.

[D.E. 80 at 2].  Although this contract only references a "Buyer," the Caribbean
Produce Defendants claim that Fla. Stat. § 57.105(7) makes this unilateral fee
provision reciprocal so that either party can seek fees as a prevailing party:

> If a contract contains a provision allowing attorney's fees to a party
> when he or she is required to take any action to enforce the contract,
> the court may also allow reasonable attorney's fees to the other party
> when that party prevails in any action, whether as plaintiff or
> defendant, with respect to the contract.

---

[2]     Generally, a prevailing party in litigation is not entitled to recover
reasonable attorney's fees from the non-prevailing party. *Sanchez v. Swire Pacific
Holdings, Inc.,* 2009 WL 2005272 *3 (S.D. Fla. July 9, 2009).  But, the American
rule "can be overcome by an 'enforceable contract allocating attorney's
fees.'"  *Id.* (quoting *Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec.
Co.,* 549 U.S. 443, 448 (2007)).

Fla. Stat. § 57.105(7).[3]

Agrosale opposes the motion for three reasons.  The first argument relies on the doctrine of judicial estoppel.  Agrosale says that the Caribbean Produce Defendants cannot claim, on a prior motion to dismiss, that Puerto-Rican law applies and then change their position after dismissal when seeking fees. Agrosale's second contention is that, even if judicial estoppel fails, the Caribbean Produce Defendants are not a prevailing party because they only succeeded in dismissing the third-party complaint without prejudice.  Agrosale's final argument takes issue with the number of hours requested in the motion.  We will only consider the second argument because, even if we assume that the Caribbean Produce Defendants prevail on the question of judicial estoppel and on the reasonableness of the number of hours requested, they should not be entitled to fees or costs.

### A.    *Determining the Prevailing Party*

Agrosale argues that the Caribbean Produce Defendants cannot recover fees or costs because they are not the prevailing party.  Agrosale says that prevailing

---

[3]      Although Fla. Stat. § 57.105 includes the word "may" in the language of the statute, numerous courts, including the Eleventh Circuit, have found that fees are mandatory after a court has determined a prevailing party. *See, e.g.*, *Sequoia Fin. Sols., Inc. v. Warren,* 660 F. App'x 725, 728 (11th Cir. 2016) (reciting the language of the Florida statute and stating "[t]he award of attorneys' fees under § 57.105(7) is mandatory for the prevailing party") (citing cases); *see also Mihalyi v. LaSalle Bank, N.A.*, 162 So. 3d 113, 115 (Fla. 4th DCA 2014) ("Assuming the request for attorney's fees is properly pled, 'the award is mandatory, once the lower court determines that a party has prevailed'") (citing *Holiday Square Owners Ass'n, Inc. v. Tsetsenis*, 820 So. 2d 450, 453 (Fla. 5th DCA 2002)).

party status is reserved for those that succeed on significant issues in a case and that a dismissal without prejudice does not meet that threshold. *See Moritz v. Hoyt Enterprises, Inc.*, 604 So. 2d 807, 810 (Fla. 1992) ("We agree that the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees."); *Sream, Inc. v. Cary Tobacco I, Inc.*, 2017 WL 6408981, at *3 (S.D. Fla. Aug. 2, 2017), *Report and Recommendation adopted*, 2017 WL 6408996 (S.D. Fla. Aug. 17, 2017) ("Courts have often encountered the question of whether a dismissal without prejudice is sufficient to determine a 'prevailing party' and . . . they have uniformly held that it does not alter the legal relationship between the parties." (citing cases). In other words, Agrosale claims that the Caribbean Produce Defendants cannot be considered a prevailing party because the third-party complaint can be refiled in a separate action seeking all the remedies previously asserted. Because this fails to resolve any claim or significant issue, Agrosale concludes that the motion should be denied.

Although Agrosale never states it directly, it relies on the federal standard for determining a prevailing party and never addresses the question of what law applies.[4] In cases brought into federal court based upon diversity jurisdiction, courts *must* apply the law of the forum state – in this case Florida – to determine an award of attorney's fees and expenses. *See 2002 Irrevocable Trust for Richard C. Hvizdak v. Shenzhen Development Bank, Co., Ltd.,* 2011 WL 4112776 *2 (M.D. Fla.

---

[4] Both parties leave much to be desired on what law applies. Agrosale just assumed that the federal standard applies without any analysis and the Caribbean Produce Defendants relied on principles of diversity jurisdiction when the third-party complaint is premised on a federal question.

Sept. 15, 2011) (citing *Trans Coastal Roofing Co., Inc. v. David Boland Inc.,* 309 F.3d 758, 760 (11th Cir. 2002)); *see also Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (stating that "[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state"). Statutes allowing for the recovery of attorney's fees are considered substantive law. *See McMahon v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001), *amended on reh'g*, 311 F.3d 1077 (11th Cir. 2002) (stating that "it is clear that statutes allowing for recovery of attorney's fees are substantive for *Erie* purposes").

If the Florida standard for determining a prevailing party applies, "[i]t is not necessary for there to be an adjudication on the merits in order to be entitled to fees as a prevailing party." *Valcarcel v. Chase Bank USA NA*, 54 So. 3d 989, 990 (Fla. 4th DCA 2010) (citing *Baratta v. Valley Oak Homeowners' Ass'n at the Vineyards, Inc.,* 891 So.2d 1063 (Fla. 2d DCA 2004)); *see also Rabco Corp. v. Steele Plaza, LLC*, 2018 WL 7982921, at *4 (M.D. Fla. Aug. 9, 2018) ("In Florida, a dismissal without prejudice for procedural defects is enough to find a defendant 'prevailed' for purposes of awarding attorneys' fees under § 57.105(7)) (citing *Nudel v. Flagstar Bank, FSB*, 60 So. 3d 1163, 1165 (Fla. 4th DCA 2011) ("This court has held that a plaintiff's *voluntary* dismissal makes a defendant a 'prevailing party' in the dismissed action even where the plaintiff refiles the case and prevails.")).

This is different than the federal standard for determining whether a party "prevails," because that requires a party to obtain a material court-ordered change in the legal relationship between the parties. S*ee Dattner v. Conagra Foods, Inc.,*

458 F.3d 98, 101 (2d Cir. 2006) ("[T]he U.S. Supreme Court has held that, for a party to be 'prevailing,' there must be a 'judicially sanctioned change in the legal relationship of the parties.'") (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)).  The Eleventh Circuit has found that a "material alteration" occurs in: "(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties."  *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003).

If the federal standard applies in determining a prevailing party, a dismissal without prejudice is insufficient to award fees because it does not materially change the parties' legal relationship.  *See Stream, Inc. v. Cary Tobacco I, Inc.*, 2017 WL 6408981, at *3 (S.D. Fla. Aug. 2, 2017), *Report and Recommendation adopted*, 2017 WL 6408996 (S.D. Fla. Aug. 17, 2017) ("Courts have often encountered the question of whether a dismissal without prejudice is sufficient to determine a 'prevailing party' and . . . they have uniformly held that it does not alter the legal relationship between the parties.") (citing *Oscar v. Alaska Dep't of Educ. & Early Dem*, 541 F.3d 978, 981 (9th Cir. 2008) (holding defendant was not a "prevailing party" based on dismissal without prejudice because the plaintiff was free to re-file the case); *Keene Corp. v. Cass*, 908 F.2d 293, 298 (8th Cir. 1990) ("To be a prevailing party . . . a party must succeed on some claim or significant issue in the litigation which achieves some benefit the parties sought"); *Szabo Food Serv. Inc. v. Canteen Corp.*,

823 F.2d 1073, 1076–77 (7th Cir. 1987) (holding that defendant was not 'prevailing party' where complaint was dismissed without prejudice because "dismissal without prejudice . . . does not decide the case on the merits . . . [t]he defendant remains at risk.")).   Therefore, to determine which law applies and whether the Caribbean Produce Defendants are entitled to fees and costs, we must look to the third-party complaint to see if this case is premised on the Court's diversity jurisdiction, a federal question, or both.

The Caribbean Produce Defendants say that Florida law applies because the Court has jurisdiction over the third-party complaint due to complete diversity between the parties.[5]   Specifically, the Caribbean Produce Defendants claim that Agrosale is a Florida corporation based on the allegations of the third-party complaint and that each of the individual defendants are citizens of Puerto Rico. [D.E. 23 at ¶ 3 ("Counter-Plaintiff, Agrosale, is a Florida corporation.")].   That is not, however, what the pleading alleges.   It only asserts that the two individual defendants *reside* in Puerto Rico; it never says that the two individuals are *citizens* of Puerto Rico:

> 8. Third Party Defendant Caribbean Produce is a Puerto Rican limited liability company with its principal place of business in Calle 4,

---

[5]      Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.   28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).   "Citizenship for diversity purposes is determined at the time the suit is filed." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005).

Edificio Mercado Central, Zona Porutaria, Puerto Nuevo, San Juan, Puerto Rico 00920.

9. Third Party Defendant Guadalberto Rodriguez Feliciano is an individual residing in Puerto Rico.  He is a principal and shareholder of Caribbean Produce.

10. Third Party Defendant Guadalberto Rodriguez is an individual residing in Puerto Rico.   He is a principal and shareholder of Caribbean Produce.

*Id*. at ¶¶ 8-10.

For all we know, the two individual defendants could be citizens of Florida. But that is unclear based on the face of the pleading and it is well-established that, to show citizenship, "[r]esidence alone is not enough." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (citing *Denny v. Pironi,* 141 U.S. 121, 123 (1891); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.")).   Because "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely,'" the allegations that the Caribbean Produce Defendants rely upon for diversity jurisdiction do not exist.  *Travaglio*, 735 F.3d at 1269 (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002)); *see also Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("Residence alone is not the equivalent of citizenship").

The inadequacy of the diversity allegations does not mean that the Court lacks jurisdiction because, when Agrosale filed the third-party complaint, it relied on the presence of a federal question.  [D.E. 23 at ¶ 11 ("This Court has subject

matter jurisdiction of this civil action under the PACA, 7 U.S.C. § 499e(c)(5) and because the PACA presents a Federal question pursuant to 28 U.S.C. § 1331.")]. Agrosale also alleged that the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. *Id*. Thus, the question becomes what standard applies for determining a prevailing party when the Court has federal question jurisdiction over the case and supplemental jurisdiction over the Florida state law claims.

Where a federal court's jurisdiction is based on a federal question, and "disposition of a federal question requires reference to state law, federal courts are not bound by the forum state's choice of law rules, but are free to apply the law considered relevant to the pending controversy." *In re Crist*, 632 F.2d 1226, 1229 (5th Cir. 1980) (citing 1A Moore's Federal Practice P 0.325 (2d ed. 1979)) (noting Florida contacts regarding alimony agreement in bankruptcy action); *see also FDIC v. Lattimore Land Corp.*, 656 F.2d 139, 148 n.16 (5th Cir. Unit B 1981) ("Because it is such a federal question case where substantive law is to some extent applicable, this federal court is not necessarily compelled by prior diversity action precedent to apply the choice of law rules of the forum state"); *compare Klaxon Co. v. Stentor Electrical Manufacturing Co.*, 313 U.S. 487 (1941) (stating that in an action based on diversity of citizenship jurisdiction, substantive legal issues must be resolved by the forum state's conflict of law rules.). This "requires the exercise of an informed judgment in the balancing of all of the interests of the states with the most significant contacts in order to best accommodate the equities among the parties to

9

the policies of those states." *Vanston Bondholders Prot. Comm. v. Green*, 329 U.S. 156, 162 (1946). This "need not mean that the federal rule is always applied" and our Circuit has "recognized that there may be issues which should be resolved by application of the forum state's choice of law rules even where a federal court, in a federal question case, is free to do otherwise." *Lattimore*, 656 F.2d at 148 n.16.

Here, the Caribbean Produce Defendants never embark on any of the analysis set forth above because they rely solely on the application of Florida law pursuant to the Court's diversity jurisdiction. That is not correct, however, for the reasons already identified. The Caribbean Produce Defendants have, in many respects, made the same error that the defendant committed in *Blaine v. N. Brevard Cty. Hosp. Dist.*, 2018 WL 8608325, at *4 (M.D. Fla. July 9, 2018), where a defendant sought fees in a federal question case under a different Florida fee statute and failed to carry its argument for fees across the goal line:

> If the defendant prevails in an action brought by an applicant against any person or entity that initiated, participated in, was a witness in, or conducted any review as authorized by this section, the court shall award reasonable attorney's fees and costs to the defendant.

Fla. Stat. § 395.0191(9)(a).

The court noted in *Blaine*, as the undersigned does here, that statutes allowing for the recovery of attorney's fees are substantive for *Erie* purposes and that, in an ordinary diversity case, the general rule is to follow a state law where it does not run counter to a federal statute or rule of court. *See Blaine*, 2018 WL 8608325, at *4 ("[I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will

not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.") (citing *Alyeska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240, 259 n.31 (1975)).  But, the court added that – while the defendant referenced many decisions premised on diversity jurisdiction and how the state law claims arose under the court's supplemental jurisdiction – the case was premised on a federal question.  *Id.* ("[B]oth of the cases cited by Defendant in support of its request for attorney fees involve federal courts sitting in diversity.   But this is a case premised on a federal question") (internal citation omitted).  The court ultimately denied the defendant's motion for fees because, "with no memorandum of law or meaningful analysis to establish that the Court should apply section 395.0191(9)(a) in this case," the defendant failed to establish an entitlement to fees.  *Id.*

The same reasoning applies here because the Caribbean Produce Defendants have failed to present the Court with any reasons or analysis that permits an award of attorney's fees pursuant to a state statute where jurisdiction is based on solely a federal question.  *See, e.g., Crystal Ent. & Filmworks, Inc. v. Jurado*, 2009 WL 10668491, at *3 (S.D. Fla. Aug. 4, 2009), *Report and Recommendation adopted*, 2010 WL 11504786 (S.D. Fla. Feb. 26, 2010) ("[T]he undersigned has found no authority in this Circuit permitting an award of attorney's fees and costs pursuant to a state statute when, as here, a federal court has jurisdiction based on a federal question and exercises supplemental jurisdiction over state law claims.").  This is not to say that fees can never allowed in a nondiversity case and pursuant to

a state statute.  It only means that, even if the Caribbean Produce Defendants are a prevailing party under state law, they have failed to meet their burden of showing why the Florida standard of a prevailing party should apply in a case where the Court only has federal question jurisdiction.  *See Blaine*, 2018 WL 8608325, at *4 ("[E]ven if Defendant would be a prevailing party under Florida law, the undersigned finds that Defendant failed to establish that, on this record, this Court should apply section 395.0191(9)(a) in this case.  On that basis, the undersigned also recommends that the Motion be denied.").

This failure is further amplified where the rule in federal courts "has long been that attorney's fees are not ordinarily recoverable [by a successful party]" *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 717 (1967), and that principle is in direct conflict with the fees available under Fla. Stat. § 57.105(7).  When this occurs, where federal common law conflicts with a state fee statute, courts will not apply a state law in a case based solely on a court's federal question jurisdiction:

> We will not apply state attorney's fees law to order one party to pay the attorney's fees of another in a federal question case when federal common law clearly dictates that the parties bear their own costs.  *Home Sav. Bank v. Gillam,* 952 F.2d 1152, 1162 (9th Cir. 1991) ("Resort to state law is inappropriate in federal question cases when controlling federal common law exists and directly conflicts with the state rule."); *La Amiga del Pueblo, Inc. v. Robles,* 748 F. Supp. 61, 64 (D. P.R. 1990) (holding that state attorney's fees law did not apply because the parties were not diverse and the jurisdiction was based on a federal question) (citations omitted).

*Davison v. Puerto Rico Firefighters Corps*, 479 F. Supp. 2d 243, 246 (D.P.R. 2007).

This is consistent with the Ninth Circuit's decision in *Home Savings Bank*, where the Court considered a district court's decision to award attorney's fees for a plaintiff who prevailed on a motion for summary judgment in a federal question case. *See Home Sav. Bank,* 952 F.2d at 1156. The district court relied on Alaska state law in awarding attorney's fees to the prevailing party in a civil action. *Id.* Yet, the Ninth Circuit reversed the application of Alaska law and found that "federal common law disfavors the award of attorney's fees in federal question cases absent an express congressional directive." *Id.* at 1162.

Like the *Home Savings Bank* court, the conflict with federal common law, and the failure to address this issue meaningfully in the record, we conclude that the federal standard on prevailing party status must control and that a dismissal without prejudice fails to render the Caribbean Produce Defendants the prevailing party. Accordingly, the motion for fees and costs should be **DENIED**.

## II.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the motion for fees and costs be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to

factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 10th day of August 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

14