United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Produce Pay, Inc., Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-22585-Civ-Scola |
| ) | |
| Agrosale, Inc. and others, ) | |
| Defendants. ) | |

### Order Regarding Reports and Recommendations

    Plaintiff Produce Pay, Inc., commenced the main litigation in this case to recover amounts it claimed it was owed by Defendant Agrosale, Inc., and various Agrosale principals (collectively, "Agrosale"), for shipments of malanga, a Caribbean root vegetable, that Produce Pay said Agrosale failed to pay for. (Compl., ECF No. 1.) Produce Pay explained that it did not itself sell the malanga to Agrosale but, instead, bought the account receivables from another company, Comercializadora Agropecuaria del Tropico, S.A. de C.V. ("Tropico"), which had previously contracted with Agrosale for the delivery and sale of the malanga. (*Id.* at ¶¶ 14–16.) Agrosale, in responding to the complaint, at the same time lodged a purported third-party complaint against Caribbean Produce Exchange, LLC, and its alleged principals, Gualberto Rodriguez Rodriguez and Gualberto Rodriguez Feliciano III (collectively, "Caribbean Produce"). (ECF No. 23.) Agrosale said it sold the malanga it ordered from Tropico to Caribbean Produce, but that Caribbean Produce still owes Agrosale $141,233.61. Caribbean Produce, arguing that it was not a proper third-party defendant in this case, moved for dismissal of Agrosale's complaint against it (ECF No. 42), which the Court granted (ECF No. 73). At the same time, the Court also denied Agrosale's request to amend the third-party complaint, finding amendment futile. (*Id.*) Thereafter, Agrosale sought the Court's reconsideration of the dismissal, as well as the Court's denial of Agrosale's motion for leave to amend (Agrosale's Mot., ECF No. 75), which the Court denied (ECF No. 85). In the meantime, Caribbean Produce filed a motion for fees as the prevailing party and two motions for sanctions, complaining about Agrosale's prosecution of its case against Caribbean Produce. (ECF Nos. 80–82.) The Court referred those three motions, at issue here, to United States Magistrate Judge Edwin G. Torres. (ECF No. 84).

    After Judge Torres entered a report and recommendation (ECF No. 128), recommending the denial of Caribbean Produce's motion for prevailing-party fees, Caribbean Produce withdrew its motion (ECF No. 134, 17). Based on that withdrawal, and without objection from Agrosale, the Court **vacates** Judge

Torres's report and recommendation (**ECF No. 128**), regarding that fees motion, **as moot** and, thus, **denies** Caribbean Produce's underlying motion for fees (**ECF No. 80**) **as moot**, as well.

Separately, Judge Torres entered an order (ECF No. 129), denying both of Caribbean Produce's motions for sanctions. Caribbean Produce objected to that order (ECF No. 134) and Agrosale thereafter timely responded (ECF No. 135). The parties quarrel about whether the relief afforded by Judge Torres was dispositive and therefore whether, for the purposes of this Court's review, his decision should be characterized as an order or a report and recommendation. For the sake of simplicity, the Court deems Judge Torres's order a report and recommendation and has therefore reviewed it, in its entirety, along with the record, the parties' briefing, and the relevant legal authorities, on a de novo basis. Along with that review, the Court has carefully considered Caribbean Produce's objections and is unpersuaded that Judge Torres erred in finding Agrosale's conduct did not rise to a sanctionable level. While the Court agrees Agrosale's litigation of this case, with respect to Caribbean Produce's involvement, fell far wide of the goal in many respects, the Court finds no showing that it ever strayed completely out of bounds, into actually frivolous or bad-faith territory. In sum, after a de novo review, the Court finds, Judge Torres's findings and conclusions of law cogent and compelling and agrees with them in every respect.

In sum, then, the Court **adopts** what the Court construes as Judge Torres's report and recommendations (**ECF No. 129**), in whole, **overruling** Caribbean Produce's objections (**ECF No. 134**) and, thus, **denying** both of Caribbean Produce's motions for sanctions (**ECF No. 81, 82**).

**Done and ordered** at Miami, Florida, on October 29, 2021.

_____
Robert N. Scola, Jr.
United States District Judge